IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ANTHONY CRANEY | : CIVIL ACTION |
| | : |
| v. | : NO. 24-590 |
| | : |
| BOROUGH OF AMBLER, JEFFREY | : |
| BORKOWSKI, CHAD CASSEL | : |

# ORDER

**AND NOW**, this 4th day of April 2024, following our March 21, 2024 Order (ECF No. 17) beginning discovery and today's Initial Pretrial Conference in Courtroom 6B, it is **ORDERED** the parties are attached for a two-day jury trial beginning **July 2, 2024** and shall proceed consistent with Fed. R. Civ. P. 1 to resolve this dispute:

1. Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies"), Default Order on Electronic Discovery, and Protocols for Remote Video Proceedings found at www.paed.uscourts.gov.

2. We **strike** Affirmative Defense Nos. 2, 3, 4, and 7 (ECF No. 16) without prejudice.[1]

3. All motions to further amend the pleadings and to join or add additional parties shall be filed by **May 3, 2024.**

4. All fact and expert discovery shall be served, noticed, and completed by **May 20, 2024** and we expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition.[2]

5. On or before **April 12, 2024:**

    a. Plaintiff shall produce the video of the alleged fire on his phone to the Defendant, along with his medical treating records (to be held strictly confidential), and all documents in his possession relating to his claims including communications to and from the Borough agents including its Solicitor;

    b. Defendants shall produce the dash cam footage (or confirm in writing no dash cam), the Borough or Police Department policies on police traffic stops and investigative steps; and,

    c. Defendants shall produce the February 3, 2022 incident report.

6. Plaintiff shall, no later than **April 9, 2024**, email a detailed written demand upon all parties claimed to be responsible for any claim of relief. All responding parties shall provide a detailed written response on or before **April 16, 2024**.

7. The parties do not expect expert testimony; to the extent they change their mind, each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **April 26, 2024**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **May 15, 2024**. Expert depositions, if any, shall be concluded no later than **May 20, 2024**.

8. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or

documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance, and the basis for each opinion.

9. Summary judgment and F.R.E. 702 motions, if any, shall be filed no later than **May 28, 2024**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **June 10, 2024**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material facts that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. On all cross-motions under Rule

3

56, the cross-movants must consult and file a joint appendix. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix.

(f) Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial. Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

10. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

11. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

12. No later than **June 17, 2024**, each party shall exchange (by email to each other) a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

13. No later than **June 18, 2024**, each party shall file a pretrial memorandum compliant with our Policies.

14. No later than **June 18, 2024**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

15. All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on or before **June 19, 2024**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **June 25, 2024**.

16. A final pretrial conference will be held in Courtroom 6B on **June 27, 2024** at **10:15 A.M.**

17. Counsel is attached for jury selection followed by a two-day trial beginning on **July 2, 2024** at **9:00 A.M.** in Courtroom 6-B.

_____
KEARNEY, J.

---

[1] The Supreme Court through Rule 11 requires pleadings based on facts known to the pleader at time of filing and law applicable to the pleaded facts. *See MHC Inv. Co v. Racom Corp.*, 323 F.3d 620, 626–27 (8th Cir. 2003) (affirming imposition of sanctions against defendant for raising affirmative defenses lacking factual or legal basis); *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387–88 (D. Md. 2014) (explaining filing an answer with "irrelevant

and unsupported affirmative defenses" is sanctionable conduct under Rule 11); *Profile Publ'g and Mgmt. Corp. APS v. Musicmaker.com, Inc.*, 242 F. Supp. 2d 363, 366–67 (S.D.N.Y. 2003) (finding violation of Rule 11 because defendant asserted affirmative defenses "without the reasonable inquiry required under the circumstances").

A defendant pleading an affirmative defense has "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing" to ensure the defense is not frivolous, legally unreasonable, or without factual foundation. *Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 616 (3d Cir. 1991) (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enter.*, 498 U.S. 533, 551 (1991); *see Cohan v. Genji Novi, Inc.*, No. 19-10786, 2019 WL 4051747, at *3 (E.D. Mich. Aug. 28, 2019) ("Rule 11 requires more than speculation that an affirmative defense might exist.").

We consider affirmative defenses frivolous when they are highly repetitive, inapplicable, or duplicative. *See Edwards v. CSXT Transp., Inc.*, 338 F.R.D 590, 593 (E.D.N.C 2021) ("[A] party or attorney who includes inapplicable or unsupportable affirmative defenses exposes themselves to Rule 11 sanctions."); *cf. VI Carnival Comm., Inc. v. VI Dep't of Tourism*, No. 2022-19, 2022 WL 20678363, at *2 (D.V.I. Sept. 13, 2022) (no Rule 11 sanction because "defendants' affirmative defenses, while arguably overly repetitious, appear to reasonably bear on the issues").

An affirmative defense must have "factual background to support any of the affirmative defenses asserted," and the law must be "evidently applicable to the claims asserted." *Innovative Sports, Mgmt., Inc. v. Neto*, No 13-1497, 2013 WL 5935982, at *2 (D.N.J. Nov. 1, 2013) ("A defendant asserting frivolous pleadings or defenses… may be subject to sanctions under Rule 11."); *see also Fed. Deposit Ins. Corp. v. Loudermilk*, 930 F.3d 1280, 1295 n.13 (11th Cir. 2019) (encouraging counsel to read Rule 11 when filing "affirmative defenses that really aren't affirmative defenses" lest they "knowingly allege another self-proclaimed frivolous affirmative defense").

Defendant must plead some notice of the facts supporting a plead defense just as a plaintiff would plead facts in a complaint. *Compare Affordable Aerial Photography, Inc. v. Abdelsayed*, No. 21-81331, 2022 WL 2341255, at *2 (S.D. Fla. May 10, 2022) (no Rule 11 sanction because "counsel's unrefuted affidavit details a reasonable factual inquiry prior to filing the Answer"), *with Ketchens v. Verizon Pa. LLC*, No. 22-0270, 2022 WL 1607446, at *4 (E.D. Pa. May 20, 2022) (striking an affirmative defense without prejudice under Rule 11 because the defense "appear[ed] to be untethered to the facts").

Counsel cannot excuse flawed pleadings by asserting affirmative defenses prophylactically, "[t]o the extent that discovery and/or investigation may reveal" facts supporting the defenses, or because the defenses may apply in similar cases. *Greenspan v. Platinum Healthcare Grp., LLC*, No. 20-5874, 2021 WL 978899, at *2–*3 (E.D. Pa. Mar. 16, 2021); *see Greenberger v. Bober, Markey, Fedorovich & Co.*, 343 F.R.D. 375, 378 (N.D. Ohio 2023) ("In the Court's view, reflexively asserting every conceivable defense divorced from the actual facts alleged or from facts that might reasonably have evidentiary support after an opportunity for investigation or discovery does not comply with Rule 11.").

---

We recognize counsel may be under time pressure or an unfounded concern they need to plead inapplicable defenses or risk waiver. *Bernhard v. Kull (In re Bernhard)*, 638 B.R. 331, 340 (Bankr. E.D. Pa. 2022) ("While the practice [of pleading boilerplate affirmative defenses] is driven by attorneys' deep-seated fear that they will overlook and waive a potential defense, it may well be inappropriate under Rule 11(b)."). But counsel should not do so and given the alternative, "the answer is never to file an answer–or any other pleading–without a factual basis." *Greenspan*, 2021 WL 978899, at *3.

[2] The parties may agree to extend this *discovery* deadline *without extending any other deadline* without seeking leave.